# UNITED STATES DISTRICT COURT
## District of New Jersey

RECEIVED
WILLIAM T. WALSH, CLERK

UNITED STATES OF AMERICA

v.

CHARLES KUSHNER

Defendant.

2005 MAR -8  A 8: 22

Case Number  2:04-CR-580-JLL

UNITED STATES
DISTRICT COURT

## AMENDED JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant, CHARLES KUSHNER, was represented by BENJAMIN BRAFMAN, ALFRED C. DeCOTIIS & JEFFREY D. SMITH.

The defendant pled guilty to count(s) 1 through 16, 17 & 18 of the INFORMATION on AUGUST 18, 2004. Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date of Offense | Count Number(s) |
|---|---|---|---|
| 26 U.S.C. § 7206(2) | FRAUD AND FALSE STATEMENTS | 1999/2002 | 1 THROUGH 16 |
| 18 U.S.C. § 1513(e) and 2. | RETALIATING AGAINST WITNESS, VICTIM | 08/03 - 05/04 | 17 |
| 18 U.S.C. § 1001(a)(2) and 2. | STATEMENTS OR ENTRIES GENERALLY | 1999/2002 | 18 |

As pronounced on MARCH 4th, 2005, the defendant is sentenced as provided in pages 2 through 5 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $1,800.00 for count(s) 1 THROUGH 18, which shall be due immediately. Said special assessment shall be made payable to the Clerk, U.S. District Court.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Signed this the 8TH day of MARCH, 2005.

JOSE L. LINARES
United States District Judge

Judgment – Page 2 of 5

Defendant: CHARLES KUSHNER
Case Number: 2:04-CR-580-JLL

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 24 MONTHS ON EACH COUNT OF THE INFORMATION TO RUN CONCURRENT.

The Court makes the following recommendations to the Bureau of Prisons: DEFENDANT BE PLACED AT MAXWELL AIR FORCE BASE, MONTGOMERY ALABAMA

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons MONDAY, MAY 9, 2005 AT OR BEFORE 2:00 P.M..

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

Judgment – Page 3 of 5

Defendant: CHARLES KUSHNER
Case Number: 2:04-CR-580-JLL

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 2 years to run concurrent ; (1 year as to Counts 1-16 of the Information and 2 years as to Counts 17 and 18 of the Information).

Within 72 hours of release from custody of the Bureau of Prisons, the defendant shall report in person to the Probation Office in the district to which the defendant is released.

While on supervised release, the defendant shall comply with the standard conditions that have been adopted by this court (on the next page).

Based on information presented, the defendant is excused from the mandatory drug testing provision, however, may be requested to submit to drug testing during the period of supervision if the probation officer determines a risk of substance abuse.

If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remains unpaid at the commencement of the term of supervised release and shall comply with the following special conditions:

The defendant shall provide the U.S. Probation Office with full disclosure of his financial records to include yearly income tax returns upon the request of the U.S. Probation Office. The defendant shall cooperate with the probation officer in the investigation of his financial dealings and shall provide truthful monthly statements of his income.

The defendant is to fully cooperate with the Internal Revenue Service by filing all delinquent or amended returns **prior to the conclusion of supervised release and to** timely file all future returns that come due during the period of supervision. The defendant is to properly report all correct taxable income and claim only allowable expenses on those returns. The defendant is to provide all appropriate documentation in support of said returns. Upon request, the defendant is to furnish the Internal Revenue Service with information pertaining to all assets and liabilities, and the defendant is to fully cooperate by paying all taxes, interest and penalties due, and otherwise comply with the tax laws of the United States.

The defendant shall participate in a mental health program for evaluation and/or treatment as directed by the U.S. Probation Office. The defendant shall remain in treatment until satisfactorily discharged and with the approval of the U.S. Probation Office.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

Defendant: **CHARLES KUSHNER**
Case Number: 2:04-CR-580-JLL

## STANDARD CONDITIONS OF SUPERVISED RELEASE

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not commit another federal, state, or local crime during the term of supervision.

2) The defendant shall not illegally possess a controlled substance.

3) If convicted of a felony offense, the defendant shall not possess a firearm or destructive device.

4) The defendant shall not leave the judicial district without the permission of the court or probation officer.

5) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.

6) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

7) The defendant shall support his or her dependents and meet other family responsibilities.

8) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

9) The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.

10) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.

11) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

12) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

13) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

14) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

15) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

16) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

---

*For Official Use Only - - - U.S. Probation Office*

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision or (2) extend the term of supervision and/or modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions, and have been provided a copy of them.

You shall carry out all rules, in addition to the above, as prescribed by the Chief U.S. Probation Officer, or any of his associate Probation Officers.

(Signed) _____
                            Defendant                                    Date

_____
U.S. Probation Officer/Designated Witness            Date

Judgment – Page 5 of 5

Defendant: CHARLES KUSHNER
Case Number: 2:04-CR-580-JLL

**FINE**

The defendant shall pay a fine of $40,000.00.

This fine, plus any interest pursuant to 18 U.S.C. § 3612(f)(1), is due immediately and shall be paid in full within 10 days of sentencing.

This amount is the total of the fines imposed on individual counts, as follows:

| | |
|---|---|
| $2,000.00 AS TO COUNTS 1-16 | $32,000.00 |
| $4,000 AS COUNT 17 | $ 4,000.00 |
| $4,000.00 AS TO COUNT 18 | $ 4,000.00 |

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. § 3614.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.